RENDERED: FEBRUARY 7, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1164-MR

GARETH HERALD                                                   APPELLANT


APPEAL FROM BREATHITT CIRCUIT COURT
v.           HONORABLE LISA HAYDEN WHISMAN, JUDGE
ACTION NO. 13-CR-00102


COMMONWEALTH OF KENTUCKY                      APPELLEE

<u>OPINION AND</u>
<u>ORDER DISMISSING</u>

** ** ** ** **

BEFORE: ACREE, EASTON, AND McNEILL, JUDGES.

EASTON, JUDGE: Appellee, the Commonwealth of Kentucky

("Commonwealth"), filed a motion to dismiss this appeal based on the Fugitive

Disentitlement Doctrine ("FDD"). Appellant ("Herald"), by counsel, filed a

response. Especially in light of the recent Kentucky Supreme Court decision in

*Anderson v. Commonwealth*, ___ S.W.3d ___, 2024 WL 5172358, No. 2023-SC-

0337-DG (Ky. Dec. 19, 2024), this case presents an opportunity to address a proper

procedure for such motions.

FDD "recognizes the principle that when a criminal defendant absconds and remains a fugitive during his or her appellate process, dismissal of the appeal is an appropriate sanction." *Commonwealth v. Hess*, 628 S.W.3d 56, 57 (Ky. 2021). As in *Hess*, the present case involves an appellant who became a fugitive after his probation was revoked, and he had appealed the revocation decision. Like the Court in *Anderson*, we will not address as *dicta* the important and separate question of whether FDD may apply to an appeal guaranteed by the Kentucky Constitution as opposed to an appeal based on statutory authority. *See Warfield v. Commonwealth*, No. 2021-CA-1404-MR, 2023 WL 2718970 (Ky. App. Mar. 31, 2023).

First, Herald objects to this Court engaging in factfinding. But disposition of motions often depends upon facts to be found in the process of considering the motion, and this Court is not exempt from this responsibility. For example, we must often determine the fact of when a Notice of Appeal was filed in making decisions about dismissal of appeals.

Herald then questions the use of information available from the Kentucky Offender Online Lookup ("KOOL") to establish the fact of a fugitive status. We recognize the limitations of KOOL. While this Court has on occasion referred to information from KOOL, we have typically done so to provide explanation about a case rather than as the sole basis to make a finding on a

dispositive fact. *See, e.g.*, *Canafax v. Commonwealth*, 691 S.W.3d 296, 301 n.17 (Ky. App. 2023). We strongly caution against reliance on KOOL alone to establish a fugitive status for the purpose of dismissing an appeal.

In this case, the Commonwealth did not rely on KOOL. Instead, the Commonwealth filed a copy of the official Notice of Discharge when Herald was released from prison on parole and a copy of the pending Parole Violation Warrant. These documents contain verifiable identification of Herald to avoid any mistake which might result from similar sounding names.

In *Hess*, the Kentucky Supreme Court took judicial notice of the "governmental documents and public records indicating Hess' absconsion [sic], specifically the parole revocation warrant . . . ." *Hess*, *supra*, at 60. We likewise believe judicial notice is appropriate in fugitive cases, including this case, but we next note the proper process for the exercise of judicial notice.

A court shall take judicial notice when requested and proper information is provided. Kentucky Rules of Evidence ("KRE") 201(d). A court may do so on its own initiative. KRE 201(c). A party opposing judicial notice has the opportunity, before or after judicial notice is taken, to ask the Court not to take judicial notice or to limit it. KRE 201(e).

In the present case, the Commonwealth asked for judicial notice, and Herald responded. We believe this is a sufficient and proper process for these

cases.  In its motion to dismiss, the Commonwealth should clearly indicate that judicial notice is sought and explain the documents or other information offered as proof of the fugitive status.  The Appellant should be able to question the accuracy of the information offered in its response to the motion to dismiss.

While the information provided in this case was sufficient for judicial notice, and we choose to grant the Commonwealth's motion, we offer suggestions to improve the process for future cases.

To avoid any arguments about judicial notice, a better practice would be for the Commonwealth to offer an affidavit from an employee of the Department of Probation and Parole to authenticate and explain any documents offered and to provide any personal knowledge of an appellant's status.  An affidavit likewise could be offered for an appellant if in fact there is some mistake about the identity of the fugitive or present fugitive status.

The Court in *Anderson* clarified that FDD does not involve individual case discretion but is rather an application of a legal rule to facts subject to *de novo* review.  It depends upon factual circumstances which either do or do not sustain the application of FDD.  We quote from *Anderson*:

> An appellate court looks to whether the appellant has in fact absconded custody; when he absconded; whether he remains a fugitive; if not, was his return to custody voluntary or involuntary; the nature of the proceeding (criminal or civil, as well as the legal claims); and the nexus between the appellant's status and the appeal itself.

-4-

> These unequivocally involve a legal conclusion on the significance of evidentiary facts. But just as well, several prudential concerns such as enforceability of judgment; judicial administration; dignity of the court; deterrence; and simply the magnitude of punishment, are also used to determine whether the FDD applies.

*Anderson*, 2024 WL 5172358, at *4 (citation omitted). Both the Commonwealth in its motion to dismiss and an appellant in its response to the motion would be well-served by offering the foregoing relevant factual information.

We suggest these procedures partially to avoid delay in the appellate process. We have frequently "passed" motions to dismiss to the merits panel of this Court assigned to decide the appeal. When we do this, we require more effort from the parties in briefing the case. We cause a repeated consideration of dismissal by another panel of judges. And we add time to the process. With a proper approach to the motion to dismiss, decisions may be made when first presented to the motion panel of this Court and then allow for finality after the appellant has been given a final opportunity to voluntarily end his or her fugitive status.

Having considered Appellee's motion to dismiss this appeal, Appellant's response, and being otherwise sufficiently advised, this Court ORDERS that this motion is hereby GRANTED. This dismissal shall become final ninety days after entry of this Order to allow the Appellant a final opportunity to voluntarily end his fugitive status and to formally request by motion to vacate

-5-

this Order.

Because the appeal is being dismissed, Appellee's motion for extension of time to file a brief is DENIED as MOOT.

ALL CONCUR.

ENTERED: ___02-07-2025___                  _Kelly Mark Easton_
                                            JUDGE, COURT OF APPEALS

COUNSEL FOR APPELLANT:          COUNSEL FOR APPELLEE:

Erin Hoffman Yang               Russell Coleman
Frankfort, Kentucky             Attorney General of Kentucky

                                Melissa A. Pile
                                Assistant Attorney General
                                Frankfort, Kentucky